UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
MARY CHANDLER, *et al.*,                ) No. C04-1300RSL
                                        )
                    Plaintiffs,         )
                                        ) ORDER DENYING DEFENDANTS'
          v.                            ) MOTION TO EXCLUDE TESTIMONY
                                        ) OF DR. RANDALL M. PATTEN
GREENSTONE LTD., *et al.*,              )
                                        )
                    Defendants.         )
_____)

This matter comes before the Court on "Defendants' Motion to Exclude the Testimony of Dr. Randall M. Patten." Dkt. # 53. Dr. Patten is a radiologist who intends to opine regarding the density of plaintiff's breast tissue over time, the effect hormone replacement therapy has on breast density, and the association between breast density and breast cancer. Dr. Patten will not testify regarding the cause of plaintiff's cancer, leaving that piece of the puzzle to others. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] The Court finds that this matter can be decided on the papers submitted. Defendants' request for oral argument is therefore DENIED.

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OF DR. RANDALL M. PATTEN

Pursuant to Fed. R. Ev. 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

To be admissible, an expert's opinion must be based on a reliable foundation and must be something more than subjective belief and/or unsupported speculation. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590, 597 (1993). "The inquiry envisioned by Rule 702 is . . . a flexible one. Its overarching subject is the scientific validity - and thus the evidentiary relevance and reliability - of the principles that underlie a proposed submission." Daubert, 509 U.S. at 594-95.

Defendants object to the first of Dr. Patten's opinions, namely that the density of plaintiff's breast tissue stayed relatively constant during her hormone treatment therapy, on two grounds. First, defendants argue that the small changes in density observed by Dr. Patten over time do not reflect the standard quartile measurement system used by radiologists, including Dr. Patten, in their normal practices. In order to measure breast density, radiologists attempt to determine the percentage of white areas seen on a mammogram. Fatty tissue is less dense and appears dark on the scan, whereas fibrous tissue and glandular structures block more x-rays and appear white. Radiologists generally assess breast density using four categories, each of which represents a 25% increment of the whole.[2] For most purposes, knowing which quartile a patient

---

[2] The four labels utilized by the American College of Radiology are: "almost entirely fat," representing less than 25% white; "scattered fibroglandular densities," representing 25-50% white; "heterogeneously dense," representing 50-75% white; and "extremely dense," representing more than 75% white.

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OF DR. RANDALL M. PATTEN                -2-

falls in is sufficient. Logic tells us, however, that the fatty component of a breast does not actually change in 25% increments. Dr. Patten has testified that in some patients it is useful to note trends in the percentage of glandular material, even if the actual changes are small. Defendants' expert apparently doubts that Dr. Patten is able to distinguish between a scan that is 75% white and one that is 80% white. Dr. Patten's expertise in interpreting mammograms is undisputed, however, and the evidentiary relevance and reliability of a physician's testimony must be evaluated with an awareness that medicine is both an art and a science.

> Evidence-based medicine is the conscientious, explicit and judicious use of current best evidence in making decisions about the care of individual patients. Despite the importance of evidence-based medicine, much of medical decision-making relies on judgment – a process that is difficult to quantify or even to assess qualitatively. Especially when a relevant experience base is unavailable, physicians must use their knowledge and experience as a basis for weighing known factors along with the inevitable uncertainties to make a sound judgment.

Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010) (internal quotation marks and footnotes omitted). To the extent defendants disagree with Dr. Patten's reading of a particular scan, such criticisms go to the weight to be given his testimony, not its admissibility. "Lack of certainty is not, for a qualified expert, the same thing as guesswork." Primiano, 598 F.3d at 565.

Second, defendants argue that, even if one adopts Dr. Patten's breast density calculations, the evidence flatly contradicts his opinion that plaintiff's breast density remained constant with hormonal replacement therapy. Defendants mischaracterize Dr. Patten's testimony in order to make this argument. According to Dr. Patten, breast density decreases as a woman enters menopause, and plaintiff's percentage of glandular material had started to come down in the year and a half before she began taking hormonal replacement therapy. A mammogram taken twenty months into treatment showed a further decrease in density, but then her numbers remained the same for nine years until she discontinued treatment. Plaintiff's breast density

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OF DR. RANDALL M. PATTEN                -3-

thereafter decreased in small increments. Dr. Patten did not testify that plaintiff's breast density was constant throughout the entire time she took hormone replacement therapy, although he could not rule out that possibility given the gap in mammograms at the onset of treatment. Rather, Dr. Patten testified that plaintiff's breasts responded to the hormone replacement therapy, such that her breast density was higher than it otherwise would have been for approximately nine years. The evidence does not contradict or otherwise disprove this opinion. To the extent defendants interpret the data differently, they may make their argument to the jury.

Dr. Patten's testimony regarding the effect hormone replacement therapy has on breast density and the association between breast density and breast cancer is based primarily on scientific studies and treatises that inform his medical practice. Because his opinions are supported by research and analysis that "have been subject to the normal scientific scrutiny through peer review and publication," they are admissible. Clausen v. M/V New Carissa, 339 F.3d 1049, 1056 (9th Cir. 2003).

For all of the foregoing reasons, the Court finds that Dr. Patten's testimony is relevant and satisfies the requirements of Rule 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Defendants' motion is therefore DENIED.

Dated this 12th day of August, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge