**THE HONORABLE ROBERT S. LASNIK**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **MARY CHANDLER AND MICHAEL CHANDLER**, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>**GREENSTONE LTD., et al.**<br><br>Defendants. | Case No. 04-1300RSL<br><br>**PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THROUGH 17**<br><br>(OTHER DRUGS, DISEASES, CAUSES OR EXPERIENCES)<br><br>NOTE ON MOTION CALENDAR:<br>September 16, 2011<br><br>ORAL ARGUMENT REQUESTED |

## CERTIFICATION OF CONFERRAL

Plaintiffs' counsel has conferred with defendants' counsel, and no agreement could be reached concerning these motions.

## INTRODUCTION

Pursuant to FED. R. EVID. 401, 402 and 403, plaintiffs move *in limine* and before jury selection for orders by this Court instructing defendants, their attorneys and their witnesses not to introduce evidence or argument regarding the issues below. Motions 9-18 should be granted because they each relate to issues that have no probative value to any material issue at trial. Accordingly, they are not relevant under Rule 401 and should be barred pursuant to Rule 402. Even if the Court were to find that the evidence in the following motions has any probative value

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17
NO. 04-1300RSL — **1**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon 97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

at all, it should still be prohibited under Rule 403. Any marginal probative value would be substantially outweighed by the likelihood of unfair prejudice to plaintiffs and would confuse the issues for the jury.

### MOTION NO. 9: RISKS OF OTHER DRUGS

The Court should bar any reference or argument regarding the risks of other drugs not related to this litigation. For example, plaintiffs anticipate that defendants and/or their witnesses will comment that penicillin causes a certain number of deaths each year, or that Tylenol causes a certain number of emergency room visits. The point of this testimony is to compare – misleadingly – the risks of common drugs compared to the breast cancer risk posed by E+P. Such evidence is irrelevant, and defendants have designated no expert testimony on this issue. Further, such evidence does not meet the scientific reliability requirements of *Daubert*. Plaintiff would be forced to rebut these claims with additional expert testimony. All of this would essentially lead to a mini-trial on the relative risks of other drugs and diseases that have no bearing on the issues in this case. The testimony and presentation of contrary evidence on this non-issue will undoubtedly lengthen the duration of trial and confuse the jury.

### MOTION NO. 10: RISKS OF OTHER ACTIVITIES

Similar to Motion No. 9 above, the Court should also bar any reference to the relative or absolute risks of other activities of daily life. For example, defendants and/or their witnesses will likely state that a drive to the grocery store carries with it a certain percentage risk of getting in a car accident. Again, the purpose of this testimony is to make the risk of breast cancer appear small compared to other, more common (and allegedly more dangerous) risks that people encounter regularly. None of defendants' experts are designated to offer causation testimony on this issue, and for good reason: such evidence does not withstand the reliability requirements of *Daubert* and Rule 702. Furthermore, such testimony is calculated to inflame the jurors by suggesting that plaintiffs' claims are frivolous. It will also lead to yet another costly and time consuming mini-trial on an issue that, at best, is only tangentially relevant.

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17
NO. 04-1300RSL

**2**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon 97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

### MOTION NO. 11: PLAINTIFF'S USE OF OTHER PRESCRIPTION DRUGS

Plaintiffs anticipate that defendants will mention that, prior to her diagnosis of breast cancer, Mrs. Chandler used prescription drugs other than E+P. However, none of the drugs Mrs. Chandler took are known to cause or increase the risk of breast cancer. More important, defendants have not designated any experts who will express opinions that Mrs. Chandler's use of other prescription drugs was related to her breast cancer. The only other purpose for which defendants may offer such argument is to suggest that Mrs. Chandler is a "risk taker," or that by taking them, she assumes the risks of these other drugs' side effects. This trial presents enough scientific complexity as it is. The jury should not be further burdened with testimony that has no relevance and will not assist it in deciding whether defendants are liable for causing Mrs. Chandler's breast cancer.

### MOTION NO. 12: PLAINTIFF'S USE OF ORAL CONTRACEPTIVES

Mrs. Chandler used oral contraceptives intermittently for five or six years, until approximately 1973. Plaintiffs expect that defendants will mention this for two reasons: 1) to suggest that oral contraceptives, not E+P, caused Mrs. Chandler's breast cancer; and 2) to portray Mrs. Chandler in an unfavorable light to the jury. However, none of defendants' causation experts opine that Mrs. Chandler's breast cancer was caused by oral contraceptives. It is therefore irrelevant to any causation issues.

The only other purpose for offering oral contraceptive use is to impeach plaintiff's character. But character evidence is inadmissible to show that a party acted in conformity with her actions on a particular occasion, particularly where character is not an essential element of the claim. FED. R. EVID. 404 and 405. Moreover, character is not an essential element in roving a design defect case under Washington's products liability statute. *See* Wash. Rev. Code. Ann. § 7.72.039. Such evidence is also highly prejudicial, particularly if any jurors are observant Catholics. Any marginal probative value is thus substantially outweighed by potential prejudice.

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17  
NO. 04-1300RSL

**3**

LAW OFFICES OF  
WILLIAMS LOVE O'LEARY & POWERS, P.C.  
9755 SW Barnes Rd., #450  
Portland, Oregon 97225-6681  
503/295-2924  
503/295-3720 (facsimile)

240325

## MOTION NO. 13: IRRELEVANT RISK FACTORS OR "CAUSES" OF BREAST CANCER

The Court should bar any reference to risk factors, confounders or "causes" of breast cancer that do not apply to plaintiff Mary Chandler and which have not been disclosed by defendants' experts in their reports as legitimate alternative causes of Mrs. Chandler's breast cancer. Specifically, plaintiffs anticipate that defendants will refer (through counsel or witnesses) to general unrelated and unproven risk factors or causes of cancer, such as being left handed, or that something in plaintiff's prior medical or personal history (*e.g.,* antibiotic use, oral contraceptives, or environmental or occupational hazards) caused or contributed to Mrs. Chandler's breast cancer. Because defendants' experts did not identify these other factors and opine that they were alternative causes to the development of Mary Chandler's breast cancer, plaintiffs did not have the opportunity to challenge the admissibility of such opinions in a *Daubert* motion. Defendants' experts should not be permitted to express new and unfounded causation opinions at trial. Further, cancer risk factors that do not apply to Mrs. Chandler are irrelevant. They are also calculated to confuse the jury, would lead to lengthy-mini trials and should therefore be excluded as unfairly prejudicial.

## MOTION NO. 14: FAMILY HISTORY OF UNRELATED CANCERS

Plaintiff Mary Chandler's medical records contain references suggesting that her mother had "abdominal" cancer, but this has not been confirmed by any source, and certainly, there is no affirmative evidence that it was a reproductive cancer. Mrs. Chandler also testified that she has had skin cancer. However, there is no scientific evidence that skin cancer is related to hormone-dependent breast cancers. Nor has any defense expert expressed the opinion that Mrs. Chandler's skin cancer or her mother's "abdominal" cancer is related in any way to her breast cancer. Any such references should be excluded not only as irrelevant, but also substantially prejudicial because they would confuse the jury in determining causation.

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17
NO. 04-1300RSL

**4**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon 97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

**MOTION NO. 15:  DIAGNOSIS OF HPV**

Human Papilloma Virus ("HPV") is an infection that is typically through sexual contact and can lead to cervical cancer.  There is nothing in Mrs. Chandler's medical records to suggest that she was ever diagnosed or treasted for HPV.  However, out of an abundance of caution, plaintiffs move *in limine* to preclude the defendants from mentioning HPV or suggesting that it is an issue in this case.  Furthermore, defendants have not designated any expert witness who will testify that HPV played a role in causing Mrs. Chandler's breast cancer.  In fact, none of defendants' experts have expressed the opinion that HPV can cause or increase the risk of breast cancer in general.  Even if HPV were marginally relevant to any issue at trial, the prejudicial effect is obvious – given that the disease may be sexually transmitted.  This evidence would serve only to confuse the issues and mislead the jury by portraying plaintiffs in an unflattering light.  It should be excluded.

**MOTION NO. 16:  OTHER PEOPLES' EXPERIENCES WITH MENOPAUSE, E+P OR BREAST CANCER**

Plaintiffs ask the Court to bar anecdotal evidence or argument relating the personal experience any attorney, witness or family members had with menopause, E+P use or breast cancer.  Plaintiffs anticipate that defendants or their witnesses will relate these anecdotes to the jury.  These statements are irrelevant, hearsay, and unfairly prejudicial.  Furthermore, they are impossible for counsel to rebut on cross-examination.

For example, in *Simon v. Wyeth,* Wyeth's corporate representative Dr. Ginger Constantine testified at trial that she had a "passion for studying women's diseases" because, when she went home each night, she had to face her children and their questions about the safety of the drugs Wyeth developed.  She testified that this "reality" made her work harder to develop safe drugs for Wyeth.[1]  In the *Foust v. Wyeth* trial, Ginger Constantine ended her redirect examination by blurting out tearfully that her best friend had breast cancer and did not take

---

[1] Ex. 01, Trial Tr., *Simon v. Wyeth* at pp. 54-57 (Ct. Comm. Pl. Phila. May 3, 2007 P.M.)

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17
NO. 04-1300RSL

**5**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon  97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

hormone therapy.[2] The clear purpose of these stories was to imply that Wyeth was not negligent because the person at Wyeth who was responsible for research and development was a conscientious mother who would not have disappointed her children by developing defective drugs. In the Nevada trial of *Rowatt v. Wyeth,* the court granted plaintiffs' similar motion *in limine.*[3] Nevertheless, Wyeth elicited testimony from one expert witness that she became interested in breast cancer research because her mother died of breast cancer; another expert testified that she pursued research because of her best friend's experiences with breast cancer.[4]

Despite a pretrial order barring such testimony, John Ryan, Wyeth's executive in charge of training sales representatives, testified in the trial of *Kendall v. Wyeth* about the death of his grandmothers from osteoporosis. The point of his anecdote was to play up the horrors of this disease and to suggest that only HRT could cure it: "I lost two grandmothers to osteoporosis because they didn't take anything. I kind of wonder if somebody could have stepped up and said, your hot flashes are bad, but you're also at risk for osteoporosis."[5] And in a previous deposition, Mr. Ryan claimed that osteoporosis also caused his mother-in-law's demise: "Just this past year, we lost my mother-in-law. She had two hip fractures, and she died due to complications after the second one."[6]

Such comments, presented through the mouths of defendants' witnesses, are patent hearsay and have no probative value. Instead, the purpose of this testimony is to play on the emotions of the jury. Furthermore, none of the testimony can be substantiated witout a "mini-trial' on the credibility of defendants' witnesses. Accordingly, the Court should grant plaintiffs' motion because the potential for prejudice greatly outweighs any marginal probative value.

---

[2] Ex. 02, Trial Tr., *Foust v. Wyeth* 93:14-22 (Ct. Comm. Pl.. Phila. Feb. 18, 2010).

[3] Ex. 03, Order, *Rowatt v. Wyeth* (Nev. Aug. 31, 2007) at 3.

[4] Ex. 04, Trial Tr., *Rowatt,* at 3584:16-3585:19 (Sept. 28, 2007).

[5] Ex. 05, Trial Tr., *Kendall v. Wyeth* (Nov. 2, 2009) a.m. at 112, p.m. at 43.

[6] Ex. 06, Ryan Dep. (May 31, 2006) at 15:24-16:10.

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17
NO. 04-1300RSL
**6**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon 97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

## MOTION NO. 17: DEFENDANTS' PURPORTED "GOOD ACTS" OR "GOOD DRUGS"

Plaintiffs anticipate that at trial, defendants will tell the jury that they make "good drugs" that make people feel better, or that they give generously to charities. This is a products liability action, seeking compensation for the breast cancer Mrs. Chandler developed, which allegedly stemmed from her use of E+P. It is not a referendum on defendants' overall character. The case has nothing to do with Advil, Celebrex or Preparation H, or any other product manufactured by Pfizer/Wyeth. Furthermore, defendants' "good" or "bad" character is not an essential element in this case and is inadmissible under Rules, 404, 405 and Washington's products liability statute. Therefore, evidence concerning Wyeth's and Pfizer's value to society for marketing their other drugs has no probative value.

Since defendants' "good" character and the other drugs they make are irrelevant, the only remaining purpose for which defendants offer this evidence is to use emotion and politics to manipulate the jury into believing not only that it would never make products that hurt people, but also that society would be harmed if drug companies that make other allegedly life-enhancing drugs are sued for damages. Even if the Court finds these arguments to be marginally relevant, their probative value is far outweighed by the unfair prejudice they would create. It does not belong in this trial and should be excluded.

In the alternative, if defendants are permitted to offer evidence of their "good" conduct, plaintiffs should likewise be permitted to introduce evidence of other defective products Pfizer and Wyeth have marketed that have been found to seriously injure or kill hundreds, if not

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17
NO. 04-1300RSL

**7**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon 97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

1  thousands of people.  Nevertheless, plaintiffs would prefer to avoid this sideshow.  The same
2  motion has been granted in every pretrial proceeding to date, typically by defendants' agreement.
3  DATED this 5th day of September, 2011.

WILLIAMS LOVE O'LEARY & POWERS, P.C.

/s/  Leslie W. O'Leary
Leslie W. O'Leary, OSB #990908
Michael L. Williams, OSB #784260
Williams Love O'Leary & Powers, P.C.
9755 SW Barnes Rd., Suite 450
Portland, OR  97225-6681
Telephone:  503-295-2924
Fax:  503-295-3720
Email:  mwilliams@wdolaw.com
         loleary@wdolaw.com

Lance Palmer, WSBA 18141
Kraft Palmer Davies PLLC
1001 4th Ave, Suite 4131
Seattle, WA  98154
Telephone: (206) 624-8844
Fax:  (206) 624-2912
Email:  lep@admiralty.com

Of Attorneys for Plaintiffs

PLAINTIFFS' MOTIONS IN LIMINE NOS. 9 THOUGH 17
NO. 04-1300RSL
**8**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon  97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2011 a copy of the foregoing document was served according to this Court's provision for service as set forth in the pretrial orders via ECF notification:

Darolyn Yoshie Hamada, Esq.
dhamada@shb.com
Shooke Hardy & Bacon
5 Park Plaza Suite 1600
Irvine, CA  92614-2546

Julie Belezzuoli, Esq.
julie.belezzuoli@kayescholer.com
Kaye Scholer
1999 Avenue of the Stars Suite 1700
Los Angeles, CA  90067-6048

Kathy A. Cochran, Esq.
cochran@wscd.com
Wilson Smith Cochran Dickerson
1215 Fourth Avenue, Suite 1700
Seattle, WA  98161-1007
(206) 623-4100

Pamela Yates, Esq.
pyates@kayescholer.com
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA  90067-6048
(310) 788-1000

Wendy S. Dowse, Esq.
wdowse@kayescholer.com
Andrew K. Solow
asolow@kayescholer.com
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022-3598
(212) 836-8000

Attorneys for Greenstone Ltd., Pharmacia & Upjohn Company, Pfizer Inc. and Wyeth Defendants

Adrienne D. Gonzalez, Esq.
agonzalez@kayescholer.com
Kaye Scholer (NY)
425 Park Ave.
New York, NY  10022
212-836-7540

Attorney for Wyeth defendants

By: /s/  Leslie W. O'Leary
Leslie W. O'Leary, OSB #990908
loleary@wdolaw.com

PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 9 THOUGH 17
NO. 04-1300RSL

**9**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon 97225-6681
503/295-2924
503/295-3720 (facsimile)

240325

1
2
3
4
5

Michael L. Williams, Esq.
mwilliams@wdolaw.com
Williams Love O'Leary & Powers, P.C.
9755 S. W. Barnes Road, Suite 450
Portland, OR 97225-6681
Tel: (503) 295-2924
Fax: (503) 295-3720

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' MOTIONS IN LIMINE NOS. 9 THOUGH 17
NO. 04-1300RSL

**10**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY & POWERS, P.C.
9755 SW Barnes Rd., #450
Portland, Oregon  97225-6681
503/295-2924
503/295-3720 (facsimile)

240325