UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY CHANDLER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREENSTONE LTD., *et al.*,<br><br>Defendants. | No. C04-1300RSL<br><br>ORDER GRANTING IN PART MOTION TO EXCLUDE TESTIMONY OF DRS. SUZANNE PARISIAN, CHERYL BLUME, AND DONALD AUSTIN |

This matter comes before the Court on "Defendants' Motion to Exclude the Testimony of Drs. Suzanne Parisian, Cheryl Blume, and Donald Austin." Dkt. # 59. Defendants seek to preclude plaintiff's experts from testifying that defendants should have conducted additional tests on their products, both before and after marketing their combination hormone replacement therapy drugs. Dr. Blume, for example, has opined that "[i]n the face of a combination product which involved two known carcinogens, a prudent company would have done intensive studies to fully understand the cancer effect of combination therapy" and "there were ample signals available to Wyeth demonstrating a breast cancer risk with its hormone therapy drugs but Wyeth chose not to conduct adequate studies to define this risk." Decl. of Leslie W. O'Leary (Dkt. # 80), Ex. 1 at 15-16, 21. With regards to Drs. Parisian and Blume, defendants argue that they should not be permitted to testify at all because "[e]xtended portions

ORDER GRANTING IN PART MOTION
TO EXCLUDE TESTIMONY OF
DRS. PARISIAN, BLUME, AND AUSTIN

of their reports consist of nothing more than a rote chronology of studies, emails, memoranda, and letters, presented without any 'expert' analysis." Motion (Dkt. # 59) at 7.[1] Plaintiff acknowledges that a number of courts have limited the scope of Dr. Parisian's and Dr. Blume's testimony on one theory or another and seeks guidance on how to prepare these witnesses for trial in this district.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

Plaintiff's experts acknowledge that there are no regulations or industry standards that set forth the specific tests that must be performed before bringing a new drug to market or in response to post-marketing safety signals. That does not, however, necessarily mean that defendants had no duty to test or were non-negligent. Determining whether a reasonable person in defendants' shoes would conduct additional testing – and the nature and scope of that testing – depends on a number of circumstances, such as the drug at issue, its known risks and benefits, and the specific signals detected in the market. Plaintiff's experts have the combined expertise, training, knowledge, and experience to help the factfinder understand the governing regulatory scheme and its goals and limitations, the genesis and practical application of industry standards, the testing options that were available to defendants at various times, the relevant medical literature and other sources of information available to defendants, defendants' regulatory

---

[1] Plaintiff's experts offer testimony on a vast array of topics in addition to their "failure to test" opinions and document commentary. For example, Dr. Blume opines that defendants' claims regarding the benefits of hormone replacement therapy were unsubstantiated and that defendants had an on-going duty to monitor relevant literature and safety signals. Dr. Parisian challenges the adequacy of defendants' labels/warnings. Because defendants have not specifically challenged the admissibility of significant portions of the experts' reports, the Court offers no opinion on the matter.

[2] The Court finds that this matter can be decided on the papers submitted. Defendants' request for oral argument is therefore DENIED.

ORDER GRANTING IN PART MOTION
TO EXCLUDE TESTIMONY OF
DRS. PARISIAN, BLUME, AND AUSTIN           -2-

filings, and the steps defendants took (or did not take) to evaluate the safety of combination hormone replacement therapy. With this information, the factfinder will be able to determine whether defendants should have done more to ensure the safety of their products. Drs. Parisian, Blume, and Austin need not, and will not be permitted to, opine on this ultimate, non-technical issue.

Nor will Drs. Parisian, Blume, or Austin be permitted to opine on defendants' state of mind, intent, or knowledge. They have no expertise or personal knowledge that would justify such testimony. While the experts may testify regarding the results of a particular study, that the results were published at a certain time in a journal that was generally accessible, and that defendants issued a subsequent statement acknowledging the study and critiquing its design and findings, they should refrain from taking the further step of opining that defendants knew of the study at any point prior to their rebuttal, that defendants "attacked" the study or attempted to "mislead" consumers, or that they developed a "pattern" or "scheme" to discredit adverse findings. If the underlying documents support such conclusions, the factfinder is well-equipped to make those determinations without expert advice.

In short, counsel and their experts must recognize that the purpose of Drs. Parisian, Blume, and Austin's testimony is to allow them to share their expertise with the jury, not to provide oral advocacy. Asking Dr. Parisian, for example, to opine regarding the reasonableness of defendants' plan to allocate funds as part of an effort to deflect criticism of defendants' products, as occurred in <u>In re Prempro Products Liability Litig.</u>, 554 F. Supp.2d 871, 883 (E.D. Ark. 2008), would be improper. Such an opinion requires no particular expertise. Once evidence of the allocation is admitted, the lawyers can make their interpretive arguments and the jury will determine whether the allocation was reasonable or not. Attempts by Drs. Parisian, Blume, or Austin to testify in a way that indicates more advocacy than expertise, or that violates the rules of evidence or the admonitions of the trial court, may result in the striking of their

ORDER GRANTING IN PART MOTION
TO EXCLUDE TESTIMONY OF
DRS. PARISIAN, BLUME, AND AUSTIN            -3-

1 testimony in its entirety.

2

3       For all of the foregoing reasons, defendants' motion to exclude the testimony of

4 Drs. Parisian, Blume, and Austin is GRANTED in part and DENIED in part.

5

6       Dated this 14th day of March, 2012.

7

8       */s/ Robert S. Lasnik*
      Robert S. Lasnik
      United States District Judge

26 ORDER GRANTING IN PART MOTION
TO EXCLUDE TESTIMONY OF
DRS. PARISIAN, BLUME, AND AUSTIN    -4-